JL

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Raoul I. Isaac,

              Plaintiff,

v.

Corizon Health Service Incorporated, et al.,

              Defendants.

No.   CV 18-02213-PHX-DGC (CDB)

**ORDER**

On July 13, 2018, Plaintiff Raoul I. Isaac, who is confined in the Arizona State Prison Complex-Lewis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In a January 9, 2019 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On May 3, 2019, Plaintiff filed his First Amended Complaint.  In a May 20, 2019 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On June 25, 2019, Plaintiff filed a Second Amended Complaint (Doc. 17).  The Court will dismiss the Second Amended Complaint and this action.

1    **I.    Statutory Screening of Prisoner Complaints**

2          The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or an officer or an employee of a governmental entity.  28

4    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

5    has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

6    relief may be granted, or that seek monetary relief from a defendant who is immune from

7    such relief.  28 U.S.C. § 1915A(b)(1)–(2).

8          A pleading must contain a "short and plain statement of the claim *showing* that the

9    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

10   not demand detailed factual allegations, "it demands more than an unadorned, the-

11   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

12   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

13   conclusory statements, do not suffice."  *Id.*

14         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

16   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

17   that allows the court to draw the reasonable inference that the defendant is liable for the

18   misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

19   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20   experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

21   allegations may be consistent with a constitutional claim, a court must assess whether there

22   are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

23         But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24   must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342

25   (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent

26   standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551

27   U.S. 89, 94 (2007) (per curiam)).

28   ….

## II.     Second Amended Complaint

In his four-count Second Amended Complaint, Plaintiff sues the following Corizon employees: CEO Dr. Woodrow Myers, Regional Director of Nursing Richard Watts, Interim Director of the Contract Monitoring Bureau Richard Pratt, Health Service Division Director Jane/John Doe, Health Regional Operations Director Jane/John Doe, Nurse Practitioner Don D. Mendoza, Nurse Practitioner Lance Burrell, Provider Andreas Thude, Nurse A. Lizarraga, Facility Health Administrator Kelly Rogers, Assistant Facility Health Administrator Diane LaBar, Regional Facility Health Administrator Vicki Smith, Provider Ende, Nurse Jane/John Doe, and Health Service Regional Director Jane/John Doe. Plaintiff also sues Arizona Department of Corrections (ADC) Director Charles L. Ryan, ADC Key Contract Physician Jane/John Doe, State Representative John Kavanaugh, and Governor Doug Ducey.  Plaintiff asserts claims relating to his medical care and seeks monetary relief.[1]

In Count One, Plaintiff alleges that he first noticed signs of "the undiagno[]sed injury" in 2013 and sought medical treatment and "appropriate diagnosis" by submitting a Health Needs Request (HNR) to the unit's health facility.  Plaintiff asserts he saw Defendant Nurse Doe and was rescheduled to see Defendant Burrell a week later.  Plaintiff claims Burrell prescribed pain medication, which Plaintiff took for the next two years "without results."  Plaintiff claims Defendants Nurse Doe and Burrell intentionally chose to "take an easier[,] much less effective course of treatment" for Plaintiff's sciatic nerve disorder.  Plaintiff alleges an outside consultation ultimately was approved by Defendants Watts, Key Contract Physician Doe, Ryan, Myers, Pratt, Health Service Regional Director Doe, and Health Service Division Director Doe, all of whom "had full knowledge" of Plaintiff's medical needs.

….

---

[1] Plaintiff's 29-page Second Amended Complaint does not comply with Rule 3.4 of the Local Rules of Civil Procedure and the instructions for completing the court-approved form, which limits complaints to 21 pages.  Furthermore, Plaintiff's factual assertions are often rambling, nonsensical, and wholly irrelevant to his claims.

Plaintiff contends all Defendants "acted in such a way as to deprive" him of health and well-being by delaying a nerve conduction test to appropriately diagnose the sciatic nerve condition for more than two years.  Plaintiff claims Defendants did so as a matter of Corizon, ADC, and the State Administration's policy and practice to facilitate and add value to "their" contract "to save in cost effective measures" at the expense of vulnerable prisoners.  Plaintiff asserts that such acts and omissions "clearly violated" his Fifth Amendment rights.  Plaintiff contends that because of Defendants' "stall tactics" and prolonged inadequate health care, Plaintiff suffered years of back pain, spasms, leg pain, and sleepless nights, which brought on headaches.

In Count Two, Plaintiff alleges that Defendants Kavanaugh and Health Service Regional Director Doe were involved in the privatization of ADC's healthcare, which resulted in ADC prisoners receiving "watered-down" and "trun[]cated" healthcare that amounts to cruel and unusual punishment.[2]  Plaintiff further asserts that since 2013, after Corizon became the contracted healthcare provider, Defendant Ducey has made public statements about "their" inability to provide adequate medical care for ADC inmates at the contract cost.  Plaintiff claims Ducey has allowed Corizon to "operate with impunity" from 2013 to 2019, although Ducey is "well aware" that Corizon did not demonstrate a history of successful operations and management of other facilities before it was awarded the ADC contract.  Plaintiff alleges that Defendants Ducey, Ryan, and Myers "worked together" to present a proposal for a contract that would deny inmates unrestricted access to proper medical care by avoiding offsite consultations.

Plaintiff alleges that he has been confined in ADC since 2008, and since 2013, he has been "in need of specialized medical treatment and care" to monitor his symptoms and alleviate the discomfort he was experiencing due to sciatic nerve damage.  Plaintiff claims he continues to report and "indicate" pain, but is continuously denied pain management

---

[2] Plaintiff claims the Joint Legislative Budget Committee, on which Defendant Kavanaugh sits, "loosened" the standards for medical care and created the elements necessary to inflict cruel and unusual punishment "vicariously" through the legislative process.

medication that has been prescribed by outside physicians for his sciatic nerve condition. Plaintiff asserts that ADC and Corizon health unit staff continue to ignore the prescribed treatment. He contends that Defendant Ryan, "knowing of" Plaintiff's medical needs, acted with deliberate indifference to those needs by failing to instruct, supervise, and train ADC employees and agents to ensure adequate medical care. Plaintiff further claims that Defendants Watts, Key Contract Physician, Pratt, Myers, Health Service Division Director, Health Regional Operations Director, Burrell, and Nurse Doe, "all knowing of" Plaintiff's medical needs, had a duty to provide necessary medical care to Plaintiff, but "chose the top of the range" in a deliberate refusal to treat Plaintiff's neurological disorder in an appropriate and timely manner.

Plaintiff claims he suffered for more than three years without a proper diagnosis of his neurological disorder, which was reviewed by at least two "non-vetted" medical contractors that did not meet the State's standards for demonstrating that they could manage healthcare as a prerequisite to being awarded the ADC healthcare contract.[3] Plaintiff contends Defendants' actions and inaction diminished the quality of healthcare Plaintiff received, where "cost cutting" became the main objective rather than the provision of constitutionally guaranteed healthcare. Plaintiff alleges this caused him unnecessary pain and suffering.

In Count Three, Plaintiff alleges that Defendants violated his Ninth Amendment rights "against the disparagement" of other constitutional rights. He claims that since 2013, his treatment plan consisted of high doses of amitriptyline, a psychotropic medication for anxiety and pain, and cortisone shots injected into Plaintiff's back. Plaintiff asserts he did not receive a proper diagnosis from a neurologist, or a referral to a neurologist for an MRI of Plaintiff's spine to evaluate possible surgical removal of two lower bones in Plaintiff's spine, until 2016.

Plaintiff contends ADC's Contract Monitoring Bureau "categorically and

---

[3] Plaintiff claims all these contractors' accreditations had previously been suspended, terminated, or placed on probationary status in other states in which they had been awarded contracts.

systematically singled out" Plaintiff's serious medical needs.  Plaintiff asserts that Defendants Myers, Ryan, Watts, Key Contract Physician, Pratt, Health Service Division Director, Health Regional Operations Director, and Burrell all were responsible for Plaintiff's health and well-being at ASPC-Winslow.  Plaintiff contends these Defendants deprived him of necessary medical care, thereby endangering his overall health and safety, "simply because a document provided [ADC]" the ability to charge Plaintiff for health services, and that by paying the fee," Plaintiff "does not have the right to dictate treatment or 'who provides treatment.'"  Plaintiff appears to allege that being required to pay for medical treatment violated his rights by "curtail[ing]" his poverty and indigence to the State's interest in "abdridg[ing]" the constitutional requirement of guaranteed healthcare. Plaintiff further contends that Defendants Ryan, Kavanaugh, and Ducey failed from 2013 through 2019 to review the medical contract and take the necessary steps to protect Plaintiff's "Second Amendment status without additional punishment."

In Count Four, Plaintiff alleges that Defendants violated his Fourteenth Amendment right "against 'deliberate indifference'" to his medical needs.  He claims that Defendants Mendoza, Burrell, Thude, Lizarraga, Rogers, LaBar, Smith, Ende, Nurse Doe, and Myers all, "under" privatization, have demonstrated a pattern of delayed treatment for life-threatening conditions and failing to conduct routine medical assessments.  Plaintiff asserts that between 2013 and 2019, members of the Corizon Health Service Quality Improvement Council "were aware of" Plaintiff's ongoing medical needs but failed to provide adequate and necessary medical treatment.   Plaintiff contends that Defendant Ryan, "with knowledge of" Plaintiff's medical needs relating to sciatic nerve and undiagnosed peripheral neuropathy disorder, acted or failed to act in a manner that prevented Plaintiff from obtaining medical treatment.  Plaintiff contends that Defendant Pratt had a duty under the Fourteenth Amendment to instruct, supervise, and train employees and agents to ensure delivery of proper medical care, but failed to do so.  Plaintiff asserts that, as a result, he still suffers from numbness, burning, and tingling in his spine.

….

1   **III.    Failure to State a Claim**

2           To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants

3   (2) under color of state law (3) deprived him of federal rights, privileges or immunities and

4   (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir.

5   2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278,

6   1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury

7   as a result of the conduct of a particular defendant and he must allege an affirmative link

8   between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-

9   72, 377 (1976).

10          Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519,

11  520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey*

12  *v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a

13  liberal interpretation of a civil rights complaint may not supply essential elements of the

14  claim that were not initially pled.  *Id.*

15          As an initial matter, Plaintiff's factual assertions are largely vague and conclusory

16  allegations against a group or groups of Defendants collectively, without any specificity as

17  to what any particular Defendant did or failed to do.  Such allegations are insufficient and

18  will be dismissed.  *See Marcilis v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012)

19  (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and

20  categorically" because the plaintiff had failed to "'allege, with particularity, facts that

21  demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting

22  *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d

23  1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term

24  'Defendants' or a list of the defendants named individually but with no distinction as to

25  what acts are attributable to whom, it is impossible for any of these individuals to ascertain

26  what particular unconstitutional acts they are alleged to have committed.").

27          **A.    Statute of Limitations**

28          Failure to state a claim includes circumstances where a defense is complete and

obvious from the face of the pleadings. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). In the absence of waiver, the Court may raise the defense of statute of limitations sua sponte. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993). *See also Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) of prisoner's time-barred complaint); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 956 (4th Cir. 1995) (same); *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995) (same); *Moore v. McDonald*, 30 F.3d 616, 620-21 (5th Cir. 1994) (same); *Johnson v. Rodriguez*, 943 F.2d 104, 107-108 (1st Cir. 1991) (same).

The applicable statute of limitations in an action under 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The Arizona statute of limitations for personal injury actions is two years. *See* Ariz. Rev. Stat. § 12-542(1). Accrual of § 1983 claims is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998). Thus, for a claim to be timely, it must have accrued no earlier than two years before Plaintiff's original Complaint was filed.

Plaintiff's allegations against Defendants Nurse Doe and Burrell concern events that occurred in 2013.[4] Accordingly, those claims are time-barred and will be dismissed, as will Defendants Nurse Doe and Burrell.

## B.    Fifth, Ninth, and Fourteenth Amendment Claims

Plaintiff's claims do not arise under the Fifth Amendment's Due Process Clause because Defendants are state actors, not federal actors. Moreover, Plaintiff's claims do not show that his Fourteenth Amendment due process rights were separately violated. Plaintiff's deliberate indifference claims arise under the Eighth Amendment, not the Fourteenth Amendment. Finally, "the ninth amendment has never been recognized as

---

[4] Plaintiff made similar allegations in his original Complaint, and the Court determined in its January 9, 2019 Order that those claims were barred by the statute of limitations. (Doc. 6 at 10.)

1   independently securing any constitutional right." *Strandberg v. City of Helena*, 791 F.2d

2   744, 748 (9th Cir. 1986) (citations omitted).  Accordingly, the Court will dismiss Counts

3   One, Three, and Four, to the extent that they allege only violations of the Fifth, Ninth, and

4   Fourteenth Amendments.

5          **C.    Defendants Ducey and Kavanaugh**

6          Plaintiff's allegations regarding Defendants Ducey and Kavanaugh's involvement

7   in the privatization of ADC's healthcare system and the award of the ADC healthcare

8   contract to Corizon are insufficient to state a claim.  First, whether Corizon met the

9   standards for receiving the ADC healthcare contract is wholly irrelevant to Plaintiff's

10  claims, as is the process by which the contract was awarded to Corizon.  Moreover, even

11  if it is true that Defendants were generally aware of issues with Corizon's provision of

12  healthcare, that is insufficient to state a claim that they were aware of *Plaintiff's* medical

13  needs or that he was not provided adequate medical care.  Accordingly, the Court will

14  dismiss Defendants Ducey and Kavanaugh.

15         **D.    Respondeat Superior**

16         There is no respondeat superior liability under § 1983, and therefore a defendant's

17  position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights

18  does not impose liability.  *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978);

19  *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040,

20  1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and § 1983

21  suits, a plaintiff must plead that each Government-official defendant, through the official's

22  own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

23         Plaintiff has not alleged that Defendants Myers, Ryan, Watts, Key Contract

24  Physician, Pratt, Health Service Division Director, Health Regional Operations Director,

25  Rogers, LaBar, Smith, and Health Service Regional Director personally participated in a

26  deprivation of Plaintiff's constitutional rights or formed policies that resulted in Plaintiff's

27  injuries.  Plaintiff alleges no facts to support that these Defendants were in any way

28  involved in his medical care.  Plaintiff alleges that an outside consultation was ultimately

1    approved by Defendants Watts, Key Contract Physician Doe, Ryan, Myers, Pratt, Health
2    Service Regional Director Doe, and Health Service Division Director Doe, but he provides
3    no details about any such consultation or how any particular Defendant was involved in
4    the process of approving an outside consultation.  *See Marcilis*, 693 F.3d at 596; *Robbins*,
5    519 F.3d at 1250.  Plaintiff's vague and conclusory allegations that these Defendants were
6    aware of or had knowledge of Plaintiff's medical needs are insufficient.  Plaintiff does not
7    allege how or when any individual Defendant became aware of his medical needs.  Thus,
8    the Court will dismiss without prejudice Defendants Myers, Ryan, Watts, Key Contract
9    Physician, Pratt, Health Service Division Director, Health Regional Operations Director,
10   Rogers, LaBar, Smith, and Health Service Regional Director.

11          **E.     Medical Care**

12          Not every claim by a prisoner relating to inadequate medical treatment states a
13   violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show
14   (1) a "serious medical need" by demonstrating that failure to treat the condition could result
15   in further significant injury or the unnecessary and wanton infliction of pain, and (2) the
16   defendant's response was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th
17   Cir. 2006).

18          "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d
19   1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both
20   know of and disregard an excessive risk to inmate health; "the official must both be aware
21   of facts from which the inference could be drawn that a substantial risk of serious harm
22   exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).
23   Deliberate indifference in the medical context may be shown by a purposeful act or failure
24   to respond to a prisoner's pain or possible medical need and harm caused by the
25   indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a
26   prison official intentionally denies, delays, or interferes with medical treatment or by the
27   way prison doctors respond to the prisoner's medical needs.  *Estelle v. Gamble*, 429 U.S.
28   97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Plaintiff alleges Defendants Thude, Mendoza, Lizarraga, and Ende, among many other named Defendants, have demonstrated a pattern of delayed treatment for life-threatening conditions and failing to conduct routine medical assessments.  But Plaintiff fails to allege any facts to support that Thude, Mendoza, Lizarraga, or Ende were in any way involved in his medical care, let alone that their care amounted to deliberate indifference.  Accordingly, Plaintiff has failed to state a claim against Defendants Thude, Mendoza, Lizarraga, and Ende, and these Defendants will be dismissed.

**IV.   Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss the complaint.  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint.  *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend.  *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court.   The Court finds that further opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)   Plaintiff's Second Amended Complaint (Doc. 17) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)   The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)   The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 1st day of August, 2019.

David G. Campbell
Senior United States District Judge